UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLARD SANTOS,

          Plaintiff,

    v.

ANDRE MATEVOUSIAN,

          Defendant.

No.  1:18-cv-0048 JLT P

**ORDER VACATING THE ORDER RE: IN FORMA PAUPERIS STATUS AND CLOSING THE CASE**

**(Docs. 9, 10)**

      The plaintiff reports that the policy at issue in his litigation has changed.  The Court has not yet screened the plaintiff's complaint and it has not been served.  Because the case is now moot, the Court directs the Clerk of the Court to close this action.

**I.      Screening Requirement**

      The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

      Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of

substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.     Allegations**

At all times relevant to this action, plaintiff was a federal inmate housed at United States Penitentiary in Atwater, California ("USP-Atwater"). He names USP-Atwater Warden Andrew Matevousian as the sole defendant.

At issue is a policy promulgated by Warden Matevousian titled "Inmate Book Ordering Procedures," which became effective on October 11, 2017. This policy prohibits inmates from accepting through the mail books from a publisher, bookstore, book club, or friends and family. Instead, an inmate who wants to order a book must follow a specific procedure that includes submitting an electronic request to staff identifying the book title, author, edition, and International Standard Book Number ("ISBN") that is specific to each book. A staff member will then respond to the request with the book price, which is the retail price plus a 30% markup and the cost of shipping, if applicable. See Compl. Ex. A.

While plaintiff acknowledges the intent of the policy is to "control[] the contraband of drugs at the institution," he argues that it is overly restrictive, it violates his First Amendment and

equal protection rights, and it is in violation of the Sherman Act, the Trade Commission Act, and the Clayton Act (1936).

Plaintiff seeks injunctive relief and offers a "possible solution to this issue … that the 30% be eliminated and the (ISBN) not be required." His complaint suggests that he also seeks punitive damages.

**IV.    Discussion**

In two identical filings titled "Motion for Summary Judgment," plaintiff submits evidence showing that the disputed book policy was rescinded on May 1, 2018, by the new Acting Warden of USP-Atwater. Pl.'s May 11, 2018, Mot. Summ. J. Ex. A (Doc. 9 at 8); Pl.'s June 7, 2018, Mot. Summ. J. Ex. A (Doc. 10 at 8).

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246 (1971) per curiam, quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-41 (1937).

The book policy memo that plaintiff claims violates his constitutional rights and various statutes has been rescinded. As such, there is no longer a case or controversy to resolve, and this matter is moot.

In his pending motions, plaintiff seeks $1,000 in punitive damages to cover the filing fee in this case and other costs. It is true that punitive damages may be awarded in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005) (quoting Smith v. Wade, 461 U.S. 30, 56 (1986)). In this case, punitive damages are not warranted since the action was mooted before consideration of plaintiff's claims and service on defendant.

Nonetheless, considering that the book policy was rescinded shortly after plaintiff initiated this action and before his complaint could be screened, the Court finds good cause to vacate the order directing the Clerk of Court to deduct money from plaintiff's account. The Court will therefore construe plaintiff's pending motions as requests for reimbursement of costs and will grant the motions accordingly.

**V.    Conclusion**

Based on the foregoing, the Court **ORDERS** as follows:

1. The January 18, 2018, Order granting plaintiff's application to proceed in forma pauperis and directing the Warden of USP-Atwater to deduct funds from plaintiff's prisoner trust account (Doc. 4) is hereby **VACATED**;

2. A copy of this order **SHALL** be served on the Financial Department for the Eastern District of California and the Litigation Coordinator at USP-Atwater;

3. Any funds previously withdrawn from plaintiff's prisoner trust account shall be **REFUNDED** within thirty days; and

4. This action is **CLOSED**.

IT IS SO ORDERED.

Dated:    **November 11, 2018**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE